**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MILLER EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-01772 (UNA) |
| | ) | |
| RAINEY BRANDT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, the IFP Application is granted, and for the reasons explained below, and the Complaint and this case are dismissed without prejudice.

Plaintiff, a resident of the District of Columbia, sues a Judge of the Superior Court of the District of Columbia.  *See* Compl. at 1–2.  He alleges that, in 2012, Defendant "unlawfully confined" him at the D.C. Jail, based on false charges of sexual assault and possession of a weapon, and that he was unlawfully held for five years without a trial.  *See id*. at 3–4.  He demands $5 million in damages.  *See id.* at 4.

Applicable here, a court is immune from suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp.

2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Accordingly, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  June 16, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge